JACKSON *versus* NASON.

A judgment, after the lapse of twenty years, is supposed to be satisfied by presumption of law.

If that presumption is attempted to be overcome by evidence of the continued insolvency of the judgment debtor, from the fact, that soon after its recovery he failed in business, no legal inference will arise that his insolvency continued afterwards.

If the creditor in an execution would revive a judgment, once satisfied by levy on real estate, it must be shown by *legal proof* that the levy was invalid.

For this purpose, *office copies* of deeds, purporting to show that the title of the land was not in the judgment debtor at the time of the levy, are not admissible.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.

DEBT on a judgment. Plea, *nul tiel record,* and brief statement, that the cause of action did not accrue within twenty years; and that it was paid and satisfied more than twenty years before the commencement of plaintiff's writ, which was dated on March 4, 1852.

The plaintiff sought by this suit, to revive so much of a judgment recovered in 1826, as purported to be satisfied by a levy made on land in May, 1826.

That judgment was recovered against William Kelsey, Abraham Nason and Robert Thompson, jr. Thompson died some years before this present suit, and since it was commenced, the death of Kelsey had also been suggested.

A small part of the judgment did not appear by the record to have been satisfied. The plaintiff, at the trial, abandoned all claim for *such balance,* and claimed to recover that which appeared to have been paid, upon the ground that nothing passed by the levy.

The plaintiff showed, that a part of the land levied on had since been in the occupation of John Butler, 2d, and part of it in the occupation of Daniel Hilt.

He also introduced copies of two judgments, for costs against the plaintiff, by John Butler, 2d, and Daniel Hilt, rendered on nonsuit at Sept. term in Lincoln, in 1846, which

suits were commenced by plaintiff in 1840, for the recovery of land described in the writs like that in plaintiff's levy.

He also showed by the deposition of J. Bulfinch, Esq., who was counsel for Butler and Hilt, in the suits Jackson against them; *that* Jackson was unable in those suits to show any title to the land sued for, and that he, the counsel for the said defendants, showed at those trials that the plaintiff took nothing by his levy on the land as the property of Robert Thompson; and that it appeared in evidence, that Amos Barrett, who formerly owned the land levied on, never conveyed it to Thompson, for whose land it was taken.

By the deposition of D. F. Harding, Esq., it appeared that the defendants in the original judgment were in company, and failed in 1825; that Thompson was considered poor from the time of that failure to his death, which was about 1850. Kelsey remained insolvent, and emigrated to Illinois, and was reported to have there died a few years ago; that Nason moved away to Hampden, whose condition as to property was unknown to the witness; that the land described in the return was supposed to be the property of Robert Thompson, but it turned out otherwise; and that the plaintiff never occupied it or any one under him.

From Amos Barrett's deposition, it appeared that Amos Barrett, deceased, had not given a deed to Thompson, one of the judgment debtors, as had been supposed; that it was expected that a deed could have been proved, but it was proved that the deed was never delivered.

The plaintiff produced another deposition from Daniel Hilt to the same effect.

The plaintiff also produced and read *office copies* of the following deeds:—Amos Barrett to George Bowley, dated August 6, 1825, and recorded the next day; George Bowley to Robert Thompson, jr., dated and recorded May 23, 1827; from said Thompson to Gorham Butler, May 1, 1830; and proved by a witness that the land described in the first named deed was the same levied upon by the plaintiff, and that John Butler, 2d, occupied the same which was deeded by

Thompson, jr., to his father, Gorham Butler, who was dead, leaving a wife by name of Almira, and a son by name of Wesley.

He also put in the deed of the same land from Almira and Wesley to John Butler, 2d, dated May 15, 1840, and recorded in 1853.

The defendant specially objected to the reading of the depositions as incompetent to prove the facts stated therein, and also the copies of the deeds as incompetent to prove the facts attempted to be shown.

The cause was taken from the jury and submitted to the whole Court, to decide the facts as a jury might from the evidence which is admissible, there being a general objection by the defendant to all the evidence as well as a *special* objection to a part, the case to be determined as the law and facts may require.

*Hutchinson*, for defendant.

1. This judgment is fully satisfied by presumption of law. R. S., c. 146, § 25.

2. If the presumption of payment can be removed, it can only be done by clear and conclusive evidence, which is legally admissible. 26 Maine, 330; *Joy* v. *Adams*, 2 Met. 26; 12 Mass. 379; Greenl. Ev. 46, and note.

Office copies of deeds, except in well defined cases touching the realty, are not admissible as proof. Poverty of parties cannot be admitted to control the statute presumption of payment. Judgments of nonsuit in actions to recover possession of real estate cannot, by their own force, operate as proof that the levy on real estate is void for want of title in the judgment debtor.

3. The facts attempted to be proved by the depositions, cannot in this way be established.

*Abbott*, for plaintiff.

The copy of the judgment introduced makes out the plaintiff's case under the plea. It remains to consider the statute of limitations and payment.

1. No statute of limitations was in force prior to R. S.

which could apply to this case, and as the judgment was rendered before the enactment of R. S. they cannot apply. But if otherwise, then it is believed there is now no statute of limitations applicable. The provision, c. 146, § 25, is merely reiterating the common law doctrine of presumptions. *Brewer* v. *Thomes,* 28 Maine, 81.

2. The question then may be whether the presumption of payment is rebutted by the proofs offered. It is claimed that nothing passed by the levy on the piece of land referred to. It was right and legal in its forms, but from the suits brought, from the deeds and from the testimony of the witness on the stand and from the depositions, it clearly appears that no title was acquired to the parcel of land under consideration by virtue of the levy, and that the plaintiff never derived any benefit from the same, and that the grantees under the sundry conveyances extending back to the deed from Amos Barrett to George Bowley have an indefeasible title to the land. It is clear that there has been no satisfaction by the levy, but a failure.

3. It appears without any conflicting testimony that the three judgment debtors failed in business in 1825. Thompson, one of them, remained insolvent till his death; that Kelsy remained so also and went off to a distant State, where he died; that Nason, the last, moved into Hampden, and it does not appear that he acquired any means to pay this debt. The plaintiff brought suits for possession in 1840, but failed. Thus the presumption of payment is completely rebutted by the insolvency of the debtors, and the mode in which the execution was supposed to have been satisfied is shown to have failed.

But it is believed that no presumption of payment can arise in a case where the very transaction, which constituted the supposed payment, is clearly proved.

As an answer to the limitation Act, and as to the sufficiency of the proofs in this case, *Brewer* v. *Thomes,* before cited, is good authority. Also *Dennie* v. *Eddy,* 22 Pick. 533.

Jackson *v.* Nason.

4. The objections "specially" to the depositions and deeds can have no more force, than the general objections. The depositions were taken and filed in all respects legally, upon due notice, and no objection lies to them on those grounds. No objection was made at the time they were taken and none is noted in the depositions, and I can discover now no valid objection to the evidence offered.

RICE, J. — The judgment which the plaintiff now seeks to revive, in part, was recovered in April, 1826, and satisfied by levy (the part sought to be revived,) in May, 1826.

In defence, payment and the statute of limitations, are relied upon.

After the expiration of twenty years, by the provisions of § 25, c. 146, payment or satisfaction of a judgment shall be presumed. But this presumption may be repelled; it is not conclusive. *Brewer* v. *Thomes,* 28 Maine, 81.

For the purpose of repelling the presumption of payment, evidence has been introduced tending to show, that Thompson and Kelsey, who, with the defendant, were original judgment debtors, have been poor and insolvent from 1825, up to the time of their decease, within two or three years. There is, however, nothing in the case, except the failure of his firm, in 1825, tending to show what have been the circumstances of the defendant since that time. But from this circumstance, without other evidence, the law does not raise the presumption that he has continued poor and insolvent to the present time. There are no admissions from either of the original debtors, inconsistent with the legal presumption of payment.

The copies of deeds in the case are not legally admissible. *Hutchinson* v. *Chadbourn,* 35 Maine, 189; *Doe* v. *Scribner,* 36 Maine, 168.

There is therefore, no legal evidence in the case, that Bowley, Thompson and Hilt, or the Butlers ever had any title to the land originating in Barrett. Nor does it appear, by legal proof, that the title was not in Thompson,

senior, at the time of the levy. The nonsuit of the plaintiff in his action is against Butler and Hilt not so connected by competent evidence with this levy, as to give it any binding force.

Thus the plaintiff failing to invalidate the levy, its introduction established what the law would otherwise have presumed from lapse of time; to wit, the fact that the judgment had been satisfied. The plaintiff failing to · show either that the levy was invalid, or to overcome the presumption of payment, a nonsuit must be entered.

SHEPLEY, C. J., and TENNEY, APPLETON and CUTTING, J. J., concurred.